IN THE MATTER OF THE APPLICATION OF THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, TO ACQUIRE LANDS OF ABNER ARMSTRONG.

*Railroad company — proceedings to acquire title to land — Petition — should disclose intended use of land — chap. 237 of 1869.*

Where a railroad company takes proceedings to acquire the title to land, under the provisions of chapter 237 of the Laws of 1869, the petition should disclose the specific purpose to which it is intended to apply the land.

In proceedings under the act of 1869 the procedure must conform to the act of 1850, but the allegations of the petition must specify the purpose for which the land is to be taken.

APPEAL from an order made in proceedings taken under chapter 237 of the Laws of 1869. The petition in this case contained, among other allegations, the following:

"That in addition to the land already owned by your petitioner and forming a part of said railroad, your petitioner requires for the purposes of its incorporation, for roadway, switches, turnouts, and for the purpose of running and operating its said railroad, and for the flow of water occasioned by railroad embankments or structures now in use or about to be constructed, and for the construction of the necessary additions to the roadway of your petitioner, and for the transaction of its business, the following described piece or parcel of land, to wit." Here followed a description of the lands desired, including those owned by the appellant.

*H. V. Howland*, for the appellant.

*Edward Harris*, for the respondent.

MULLIN, P. J.:

The only question to be considered upon the appeal in this and the other cases which are to abide the decision in this, is, whether the petition presented by the railroad company, praying for the appointment of commissioners to appraise the damages of the owners of the land proposed to be taken for the use of the road, is in conformity to the statute regulating the manner of acquiring lands by railroad companies, so as to entitle the applicant to have commissioners appointed and their report confirmed.

Section 14 of the general railroad act of 1850 authorized the acquisition of lands by railroad companies, and regulated the proceeding for that purpose. It prescribed the form of the petition to be presented to the court, and amongst other allegations required to be inserted in it, was "that the land described in it was required for the purpose of constructing and operating the road."

By the act of 1850, no authority is expressly given to the land owner to controvert any of the allegations contained in the petition. But the court was bound to allow it, or the law would have been unconstitutional. By an act passed in April, 1854, it was provided that on presenting the petition of the company to the court, all the

persons whose estates or interests are to be affected by the proceedings may show cause against granting the prayer of the petition, and may disprove any of the facts alleged in it. The burden of proof was thus taken from the shoulders of the company and laid upon those of the owners, and could only be justified by treating the allegations of the petition, when verified, as *prima facie* proof of the matters alleged in it. When land is proposed to be taken for the use of a railroad to be constructed upon it, land owners and others interested know that it is liable to be appropriated to any use the company shall see fit to make of it, and the owner may insist, and the commissioners may assume, in estimating damages, that they may be used for any purpose to which, from their situation and condition, they may be applied. In this way, and in this way only, can the rights of the owner be fairly protected.

By the act of 1869, it is provided, that if an incorporated railroad company that has constructed its road, shall require for the purposes of its incorporation, or for the purpose of running or operating its road, any real estate in addition to what it has already acquired, or shall require any further right to lands, or the use of lands for switches, turnouts, or for the flow of water, or for any other purpose necessary to the operation of such railroad, or the right to take water, etc., may acquire such additional real estate, or any property or real estate, in the manner and by the proceedings by the act of 1850 prescribed. It will be seen that the act of 1869 confers on railroad companies powers as extensive as does the act of 1850, but it contains power also to obtain land for certain enumerated purposes, which would have been embraced in the general powers conferred as well by the act of 1850 as by that of 1869.

It would seem to be a reasonable construction of the act of 1869, that the company seeking to acquire lands under it should disclose in the petition the purposes to which it intended to apply the land. In no other way can the owner be enabled to dispute the necessity of the taking of his land, or give evidence as to the damages. If the company is not obliged to make such statement, it would be clothed with the power of determining the question of necessity without the possibility of the owner or of the courts to prevent it. When the obligation of the owner to disprove the allegation of the petitioner is confined to the one of the acquisition of land by a

company for the use of its road when first constructed, we have given effect to the intention and mandate of the legislature, but we think it would be most unsafe, as well as unwise, to give the same construction to the act of 1869. When land is to be taken in the manner and by the proceedings specified in the act of 1850, it does not mean that the petitions in both cases are to contain the same allegations, or the burden of proof rests on the same party because several of the allegations in the petition under the act of 1850 are wholly inapplicable to petitions under the act of 1869, and it would be very absurd to require them to be alike.

The petition under the act of 1869 must be adapted to the relief sought, and it should disclose the specific purpose or purposes for which the land is sought, whether the purpose is enumerated in the statute or covered by the general clauses of the statute. The general mode of procedure must conform to the act of 1850, but the allegations of the petition must be such as are necessary to show that the land is necessary for some legitimate purpose of the company.

I am of the opinion that the petition in this case is defective, and that the proceedings should be set aside, with leave to the petitioner to amend the petition on payment of ten dollars costs of the appeal.

Present — MULLIN, P. J., SMITH and GILBERT, JJ.

Order reversed, with leave to respondent to amend on payment of ten dollars costs.